# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4326

_____

| | | |
|---|---|---|
| Frank Watts, II, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| U.S. Postal Service; Pulaski County | * | District Court for the |
| Regional Detention Facility, Postal | * | Eastern District of Arkansas |
| Service; Arkansas Department of | * | |
| Correction, Postal Service; U.S. | * | [UNPUBLISHED] |
| District Court, Clerk's Office, | * | |
| Eastern District of Arkansas, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: February 7, 2000
Filed: March 28, 2000

_____

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD
ARNOLD, Circuit Judges.

_____

PER CURIAM.

Frank Watts, II, an Arkansas inmate, appeals from the final judgment entered in the District Court[1] for the Eastern District of Arkansas dismissing before service of

_____

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable Henry

process his civil rights action against the United States Postal Service, the Clerk's Office of the Eastern District of Arkansas, a county jail, the administration of the Arkansas Department of Correction (ADC), and the post office and administration of one of ADC's units. Watts asserted claims for retaliation, denial of access to the courts, and conspiracy, all arising out of the handling of his legal mail. He sought $200 million in damages. For the reasons discussed below, we affirm the judgment of the district court.

Specifically, we conclude Watts's suit fails because, among other reasons, the named defendants are not liable, on the basis alleged, under either 42 U.S.C. § 1983 or <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971). <u>See</u> <u>Monell v. Department of Soc. Servs.</u>, 436 U.S. 658, 691, 694 (1978) (municipalities cannot be held liable under § 1983 on respondeat superior theory unless injury was inflicted pursuant to execution of municipal policy or custom); <u>Buford v. Runyon</u>, 160 F.3d 1199, 1203 n.7 (8th Cir. 1998) (<u>Bivens</u> action cannot be premised on respondeat superior liability; defendants are liable for their personal acts only). Accordingly, we affirm. <u>See</u> 8th Cir. R. 47A(a).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas.